## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
GARY DAMATO,                    :
  plaintiff,                    :
                                :           PRISONER
      v.                        :    Case No. 3:09-cv-1485(AVC)
                                :
M. JODI RELL, et al.,           :
  defendants.                   :
```

## <u>RULING ON DEFENDANTS' MOTIONS TO DISMISS</u>

The plaintiff, Gary Damato ("Damato"), commenced this action <u>pro se</u> in state court.  He named as defendants Connecticut Governor M. Jodi Rell, Connecticut Secretary of State Susan Bysiewicz, Assistant United States Attorney Peter S. Jongbloed and United States Senator Christopher J. Dodd[1].  The defendants removed the case to this court.  The defendants, Rell and Bysiewicz ("the state defendants") and Jongbloed and Dodd ("the federal defendants"), have each moved to dismiss the respective claims against them.  Although the defendants provided Damato with specific notice explaining the defendant's obligation to respond to the motions, Damato has neither filed memoranda in opposition to the motions nor sought additional time within which to do so.  For the reasons that follow, the motions to dismiss are granted.

---

[1] All of the defendants are named in their official and individual capacities.

**Standard**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).  Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief.  Determining whether the complaint states a plausible claim for relief is "'a context-specific task that

2

require[s] the reviewing court to draw on its judicial experience
and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).
Even under this standard, however, the court liberally construes
a pro se complaint. See Erickson v. Pardus, 551 U.S. 89, 94
(2007) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216
(2d Cir. 2008).

**Facts**

Review of the complaint reveals the following facts:

Damato's claims against the various defendants are based
upon the defendants' failure to "address numerous letters and
pleas for an investigation into [] deliberate corruption . . . ."
Damato states that he informed all of the defendants by letters,
of the claimed misconduct, corruption and criminal activity by
the Connecticut State Police relating to Damato's state criminal
prosecution.  He also states that he sent many pages of evidence
to Senator Dodd's office in order to enable him to investigate
these claims as well as a state sheriff's alleged assault on
Damato.

Governor Rell failed to respond to Damato's letters.
Secretary of State Bysiewicz did not respond to many of his
letters.  In December 2006, she forwarded one of Damato's letters
to the office of the Attorney General.  In November of 2007, the
United State's Attorney's office forwarded one of Damato's
letters to the Connecticut Office of the Chief State's Attorney.

Senator Dodd allegedly failed to investigate Damato's allegations.  Damato argues that Senator Dodd must investigate his claims of corruption, criminal activity and misconduct by the Connecticut State Police or forward evidence of this activity to the proper authorities for investigation.

Damato argues that the United States Attorney's Office should know that the state will not investigate their own employees and, therefore, the U.S. Attorney is obligated to investigate his allegations.

<strong><u>Discussion</u></strong>

**A.   <u>Federal Defendants' Motion to Dismiss</u>**

The federal defendants move to dismiss all of the claims against them on the grounds that Damato lacks standing to bring this action and the allegations are frivolous and fail to state a cognizable claim for relief.

**1.   <u>Standing</u>**

Before a federal court can consider the merits of Damato's claims, Damato must establish that he has standing to proceed in federal court.  <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990). Article III of the U.S. Constitution gives the federal courts jurisdiction only over cases and controversies.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-60 (1992).  To establish standing to proceed in federal court, Damato must demonstrate the existence of a case or controversy.  At a minimum, Damato must

4

show that he has suffered an injury in fact, that is, an injury
to himself that is concrete and not merely abstract.  Whitmore,
495 U.S. at 155.  In addition, Damato must demonstrate "that the
injury 'fairly can be traced to the challenged action' and 'is
likely to be redressed by a favorable decision.'"  Id. (citations
omitted).

The injuries Damato describes in his complaint were caused
by unidentified members of the Connecticut State Police and an
unidentified judicial sheriff before he filed this action or
wrote any letters to the federal defendants.  Damato has not
identified any injury caused by either federal defendant.  Thus,
the federal defendants motion to dismiss is granted on the ground
that Damato fails to establish standing to sue either federal
defendant.

## 2.   **Failure to State a Claim**

In addition, even if Damato could establish standing, he
fails to state a cognizable claim against either federal
defendant.

### a.   **Official Capacity**

Damato names the federal defendants in their individual and
official capacities.  A lawsuit against a federal agency or
federal official in his official capacity is considered a lawsuit
against the United States and, absent a waiver, is barred by
sovereign immunity.  See FDIC v. Meyers, 510 U.S. 471, 475 (1994)

5

(federal agency); <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 509-10 (2d Cir. 1994) (federal official in his official capacity).  Damato has provided no evidence that the United States has waived its sovereign immunity in this case.  Thus, all claims against the federal defendants in their official capacities are barred by sovereign immunity.

In addition, as a United States Senator, Dodd is protected by absolute legislative immunity for all actions taken in his capacity as a legislator.  <u>See</u> <u>Eastland v.  U.S. Servicemen's Fund</u>, 421 U.S. 491, 502-03 (1975).  This protection extends to include congressional investigations.  <u>Id.</u> at 504-05.

### b.   <u>Claim Against Senator Dodd</u>

With respect to individual capacity, Damato fails to state a cognizable claim against Senator Dodd.  The refusal of a member of Congress to assist a constituent or his failure to respond to a constituent's request for help does not constitute a cognizable claim.  <u>See</u> <u>De Masi v. Schumer</u>, 608 F. Supp. 2d 516, 525 n.12 (S.D.N.Y. 2009) (citing cases).

### c.   <u>Claim Against AUSA Jongbloed</u>

The federal defendants contend that with respect to individual capacity, Jongbloed is protected by qualified immunity.  Government officials performing discretionary functions are protected from liability for civil damages unless their conduct violated a clearly established statutory or

6

constitutional right of which a reasonable person would have been aware.  Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808, 815 (2009).  The constitutional right at issue "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," although the exact issue need not have been previously decided.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  To establish a defense of qualified immunity, the defendant must establish that his acts did not violate a constitutional right or, if a violation was shown, that the right was not clearly established at the item of the incident.  Pearson, 129 U.S. at 816.

Damato has not identified any violation of a constitutional or statutory right to have the United States Attorney investigate every complaint submitted to the office.  Rather, Damato has no cognizable interest in having a person prosecuted or investigated.  See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768-69 (2005) (holding that the victim of crime has no procedural or substantive due process interest in investigation or prosecution of perpetrator); S. v. D., 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Because the complaint does not reveal violation of a cognizable constitutionally or statutorily protected right, defendant Jongbloed, is protected by qualified immunity.

7

**B.**   **State Defendants' Motion to Dismiss**

The state defendants move to dismiss all claims against them on the grounds that a challenge to Damato's conviction is not cognizable in this action and Damato has not alleged that either defendant was personally involved in any cognizable claims.

**1.**   **Challenge to Conviction**

In his jurisdictional statement, Damato cites several provisions of the Connecticut Constitution relating to fair trials, to wit, the right to petition the court for redress of grievances, the right to assemble and the right to challenge jurors.  He does not explain the relevance of these provisions to his claims.  Damato alleges that his conviction was obtained as a result of corruption and misconduct by the Connecticut State Police.  To the extent that Damato is alleging that the state defendants were involved in his criminal prosecution, he fails to allege any facts to support such a claim.  See Winfield v. Schwarzenegger, No. 2:09-cv-0636-JFM(PC), 2009 WL 1845134, at *2 (E.D. Cal. Jun. 26, 2009) (holding that general allegations against the governor without any information with respect to how or why the governor would be personally involved in the plaintiff's claim or in a criminal prosecution of the plaintiff did not state a cognizable claim).

To the extent that the complaint may be construed as a challenge to his conviction, Damato must address his claims in a

petition for writ of habeas corpus filed in state court.  A
challenge to an unconstitutional conviction is not cognizable in
a civil rights action in federal court until the conviction has
been declared invalid or called into question by the issuance of
a writ of habeas corpus, or reversed on direct appeal.  See Heck
v. Humphrey, 512 U.S. 477, 486-87 (1994).

    **2.  Personal Involvement**

    Damato alleges that defendants Rell and Bysiewicz failed to
respond to his letters about the allegedly unlawful conduct of
the Connecticut State Police and other state officials involved
in his criminal prosecution.  See Compl., ¶¶ 13-15.

    In an action filed pursuant to 42 U.S.C. § 1983, liability
is imposed only on the official causing the constitutional
violation.  It is settled law in this circuit that in a civil
rights action for monetary damages against a defendant in his
individual capacity, a plaintiff must demonstrate the defendant's
direct or personal involvement in the actions which are alleged
to have caused the constitutional deprivation.  See Wright v.
Smith, 21 F.3d 496, 501 (2d Cir. 1994).

    The doctrine of respondeat superior is inapplicable in
section 1983 cases.  See Blyden v. Mancusi, 186 F.3d 252, 264 (2d
Cir. 1999).  Thus, supervisors are not automatically liable under
section 1983 when their subordinates commit a constitutional
tort.  Damato may show supervisory liability by demonstrating one

9

or more of the following criteria: (1) the defendant actually and
directly participated in the alleged acts; (2) the defendant
failed to remedy a wrong after being informed of the wrong
through a report or appeal; (3) the defendant created or approved
a policy or custom that sanctioned objectionable conduct which
rose to the level of a constitutional violation or allowed such a
policy or custom to continue; (4) the defendant was grossly
negligent in his supervision of the correctional officers who
committed the constitutional violation; and (5) the defendant
failed to act in response to information that unconstitutional
acts were occurring.  See Hernandez v. Keane, 341 F.3d 137, 144
(2d Cir. 2003).  In addition, Damato must demonstrate an
affirmative causal link between the inaction of the supervisory
official and his injury.  See Poe v. Leonard, 282 F.3d 123, 140
(2d Cir. 2002).

Damato alleges that defendants Rell and Bysiewicz failed to
properly investigate the complaints contained in his letters.
Any injury Damato suffered, however, occurred prior to writing
the letters.  Thus, he has shown no causal connection between his
injury and the failure of the state defendants to respond to the
letters.

In addition, Damato has no constitutionally protected right
to a proper investigation.  See Town of Castle Rock v. Gonzales,
545 U.S. 748, 768-69 (2005) (victim of crime has no procedural or

substantive due process interest in investigation or prosecution of perpetrator); S. v. D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Santossio v. City of Bridgeport, No. 3:01CV1460(RNC), 2004 WL 2381559, at *4 (D. Conn. Sept. 28, 2004) ("the United States Constitution does not grant plaintiffs a right to an adequate investigation or adequate after-the-fact punishment") (citing cases).  Damato's vague allegations that the state defendants should have known and taken action on his complaints, are insufficient to survive a motion to dismiss.  See also Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that the "court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss") (internal citations omitted).

To the extent that Damato is claiming that the state defendants failed to properly investigate matters referred to them, as required under state law, his claim is not cognizable under section 1983.  See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

11

United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

If Damato is attempting to assert a state law claim, the court declines to exercise supplemental jurisdiction. Where all federal claims have been dismissed, the court may decline to exercise supplemental jurisdiction over state law claims. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases). As all federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over any possible state law claims.

### Conclusion

The motions to dismiss filed by the federal and state defendants [**docs. #7 & #9**] are **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** at Hartford, Connecticut, this 27th day of May 2010.

```
              / s /
        Alfred V. Covello
        United States District Judge
```

12